IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03398-BNB

DAVID LEE COLLINS,

    Applicant,

v.

[NO NAMED RESPONDENT],

    Respondent.

## ORDER OF DISMISSAL

    Plaintiff, David Lee Collins, is a prisoner in the custody of the Colorado Department of Corrections incarcerated at the Arkansas Valley Correctional Facility in Ordway, Colorado. He submitted *pro se* two documents titled "Statement Noting a Party's Death" (ECF No. 1), which appear to refer to his own death, and a "Motion to Discharge" (ECF No. 3), in which he appears to be attempting to challenge criminal convictions and sentences entered against him in a Colorado state district court and a Nevada state district court.

    The Court reviewed the documents and determined they were deficient. Therefore, on December 23, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Mr. Collins to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

    The December 23 order pointed out that Mr. Collins failed to submit either the $5.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28

U.S.C. § 1915 in a Habeas Corpus Action on the proper, Court-approved form, together with a certificate of the warden showing the current balance in his trust fund account. The December 23 order also pointed out that Mr. Collins failed to submit an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on the proper, Court-approved form.  The order directed him to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  The December 23 order warned Mr. Collins that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

On January 2, 2014, the copy of the December 23 order mailed to Mr. Collins was returned to the Court as undeliverable.  *See* ECF No. 5.  On January 30, 2014, Mr. Collins filed a document titled "Presentment of Tender by Applicant" (ECF No. 8).  On January 31, 2014, Magistrate Judge Boland entered a minute order (ECF No. 6) noting that the December 23 order listed Mr. Collins' prisoner registration number incorrectly, directing the clerk of the Court to remail the December 23 order to Mr. Collins using his correct prisoner registration number, and granting Mr. Collins an additional thirty days to cure the deficiencies designated in the December 23 order.  He was reminded that failure to do so within the time allowed would result in the dismissal of the instant action.

Mr. Collins has failed to cure the designated deficiencies within the time allowed. Therefore, the action will be dismissed without prejudice for Mr. Collins' failure to cure the designated deficiencies as directed within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Collins files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, David Lee Collins, to cure the deficiencies designated in the order to cure of December 23, 2013, within the time allowed. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  6th  day of    March   , 2014.

BY THE COURT:

　　s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court